THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE ROSE ANNYAS, | Case No. C08-0638-JCC |
| Petitioner, | ORDER |
| v. | |
| DOUGLAS COLE, | |
| Respondent. | |

The Court, having reviewed Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 8), the report and recommendation of U.S. Magistrate Judge Mary Alice Theiler (Dkt. No. 63), Respondent's objections (Dkt. No. 64), Petitioner's objections (Dkt. No. 67), the parties' responses (Dkt. Nos. 68, 69), and the remaining record, adopts the report and recommendation. The Court grants Petitioner a writ of habeas corpus with respect to her claim that sentencing and appellate counsel provided ineffective assistance by failing to argue that her offenses of conviction encompassed the same criminal conduct and that her sentences should run concurrently. The Court denies Petitioner's remaining claims. The Court grants certificates of appealability with respect to Petitioner's ineffective-assistance-of-counsel claims but denies them with respect to her Confrontation Clause claims.

The Court must make a de novo determination of those portions of a magistrate judge's

ORDER, C08-0638-JCC
PAGE - 1

report or specified proposed findings or recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

I. RESPONDENT'S OBJECTIONS

Respondent objects to the report's conclusion that counsel provided ineffective assistance by not contending at sentencing or on appeal that the crimes of kidnapping and attempted murder constituted the "same criminal conduct," which probably would have resulted in concurrent sentences. (Dkt. No. 64 at 1). Specifically, Respondent contends that the report "fails to give proper deference to the state court adjudication" because the state court expressly and implicitly concluded that Petitioner's crimes did not constitute the same criminal offense. (*Id.* at 5.)

The Court disagrees. Respondent does not show reasoned state-court decisions. The correction of a "scrivener's error" and the omission of checking the "same criminal conduct" box are evidence of decisions. But they are not evidence of *reasoned* decisions. Nor is the Supreme Court's postcard denial of Petitioner's second personal-restraint petition a reasoned decision. *See Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002).

More importantly, however, there was no state-court reasoned decision on petitioner's *ineffective-assistance-of-counsel claim* with respect to this sentencing issue. *See Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) ("When applying this heightened deferential standard, we review the last reasoned decision by the state court addressing the petitioner's claim. Here, the last reasoned decision addressing Cheney's ineffective assistance of counsel claim is that of the Oregon trial court on state post-conviction review." (citation and quotation marks omitted)). There was no state-court reasoned decision on Petitioner's ineffective-assistance claim with respect to the "same criminal conduct" because the only opportunity the state courts had to address that claim arose through Petitioner's second personal-restraint petition. The Washington Supreme Court denied that petition in a two-sentence postcard denial, which is not a reasoned decision. Therefore, the magistrate judge properly performed an

ORDER, C08-0638-JCC
PAGE - 2

"independent review of the record to ascertain whether the state court decision was objectively unreasonable." *See Pinholster v. Ayers*, 590 F.3d 651, 663 (9th Cir. 2009). The Court agrees with that independent review.[1]

## II. PETITIONER'S OBJECTIONS

Petitioner objects to the report's conclusion that Petitioner failed to show that counsel was ineffective in his investigation of a possible diminished-capacity defense. (Dkt. No. 67 at 2.) Petitioner claims that the magistrate judge should have performed an independent review of this issue because the last-reasoned decision of the state court did not include analysis of evidence presented for the first time before the state supreme court. (*Id.*) Petitioner also argues that trial counsel was constitutionally inadequate because he did not further investigate or have a sound, strategic reason for avoiding a diminished-capacity defense. (*Id.* at 2, 4.) Petitioner further asserts that even if Petitioner wanted to pursue a different trial strategy, trial counsel nonetheless had a duty to investigate the diminished-capacity defense. (*Id.* at 3.)

The Court disagrees with Petitioner's objections. Although in some circumstances the federal court may perform an independent review when the evidence could not have been available during the last-reasoned decision, *see Killian v. Poole*, 282 F.3d 1204, 1208 (9th Cir. 2002), the facts of this case do not present those circumstances. Most importantly, trial counsel's decision to avoid a diminished-capacity defense was related not to this additional evidence but to his and his client's decision to pursue an innocence claim. Indeed, trial counsel explored the possibility of a diminished-capacity defense and talked to Petitioner about it. (Ex.

---

[1] Respondent similarly argues that the state court could reasonably have concluded that Petitioner's crimes constituted different criminal offenses. (Dkt. No. 64 at 9). The issue is not whether the state court's determination of the sentencing was itself objectively unreasonable but whether its decision with respect to Petitioner's ineffective-assistance-of-counsel claim was objectively unreasonable.

1  18 at 130–137, 307–314.) Counsel made a tactical decision to avoid that defense, and this
2  Court will not engage in second-guessing of that reasonable trial strategy. *See Strickland v.*
3  *Washington*, 466 U.S. 668, 689 (1984) ("Judicial scrutiny of counsel's performance must be
4  highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance
5  after conviction or adverse sentence, and it is all too easy for a court, examining counsel's
6  defense after it has proved unsuccessful, to conclude that a particular act or omission of
7  counsel was unreasonable."). Petitioner concedes that trial counsel was not a "big fan" of the
8  diminished-capacity defense and did not think it was "very marketable." (Pet'r's Res. 14 (Dkt.
9  No. 55).) Counsel complied with his duties because he investigated the possibility of the
10 diminished-capacity defense by consulting with a psychiatrist and discussing with Petitioner
11 her background and posttraumatic stress disorder. (Ex. 18 at 130–137, 307–314.) Counsel
12 strategically chose to argue instead that Petitioner did not engage in the improper conduct. (*Id.*
13 at 311 ("I'm not a big fan of diminished capacity, in large part because you have to make that
14 admission [of culpability].").) Neither independent nor doubly deferential review would
15 change the result here.

16       Petitioner also objects to the report's conclusion that Petitioner failed to show prejudice
17 from counsel's decision not to present an expert to discuss how Petitioner's abused childhood
18 may have caused her to commit the crimes. (Dkt. No. 67 at 5.) The Court agrees with the report
19 that Petitioner failed to show a reasonable probability of a different result with this additional
20 evidence. The trial court was well-acquainted with Petitioner's past, and trial counsel presented
21 a presentence report that included details of Petitioner's unfortunate background. (Def.'s
22 Sentencing Mem. 1–7 (Dkt. No. 54-5 at 229–35).) The trial court explained that Petitioner
23 never admitted that she committed the crime, and the court knew that the family was
24 dysfunctional. (Ex. 21 at 50–51.) The trial court detailed how it believed Petitioner acted
25 because she was angry with her mother for drinking around Petitioner's child and calling her
26 friend an offensive name. (*Id.* at 51.) The trial court concluded that Petitioner's conduct was

1  "not a response to a pattern of physical abuse." (*Id.*) The Court agrees with the report that
2  "[t]here is no reasonable likelihood that the outcome would have been different had Mr. Seitter
3  offered an expert opinion—and opened up the possibility of an opposing expert witness—
4  regarding a straightforward interpretation of facts and argumentation that counsel had already
5  offered in great detail." (*See* Dkt. No. 63 at 20.) Petitioner has not rebutted the state court's
6  factual findings with clear and convincing evidence and has not shown that the state court's
7  decision was contrary to or an unreasonable application of *Strickland*.

8       Petitioner also objects to the report's rejection of Petitioner's Confrontation Clause
9  claims. (Dkt. No. 67 at 7–9.) With respect to the Ensleys' testimony, Petitioner argues that the
10 victim's statements to the Ensleys were testimonial because the victim made the statements
11 when she was out of danger and receiving assistance. (*Id.* at 8.) The Court agrees with the
12 report's conclusion: the Washington Court of Appeals' determination that the statements did
13 not violate the Confrontation Clause was neither contrary to nor an unreasonable application of
14 *Crawford v. Washington*, 541 U.S. 36, 68 (2004). It was reasonable for the court of appeals to
15 conclude that the victim made the statements under the stress of the recent kidnapping and not
16 for prosecutorial purposes. With respect to the medical personnel's testimony, the Court
17 similarly agrees that the Washington Court of Appeals' determination that admittance was
18 harmless error was neither contrary to nor an unreasonable application of *Delaware v. Van*
19 *Arsdall*, 475 U.S. 673, 684 (1986). *See Washington v. Annyas*, 2006 WL 2724070 at *5 (Wash.
20 Ct. App. Sept. 25, 2006) (citing several of the *Van Arsdall* factors bearing on the inquiry of
21 harmless-error analysis). The Court also agrees with the report that Petitioner has not met her
22 burden to overcome the state court's conclusion that Washington exercised due diligence in
23 attempting to secure the victim's presence at trial. An evidentiary hearing is not needed to
24 further address Petitioner's claims. *See* 28 U.S.C. § 2254(e)(2).

25      Finally, the Court grants certificates of appealability with respect to Petitioner's
26 ineffective-assistance-of-counsel claims. *See Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th

1 | Cir. 2002). The Court denies certificates of appealability with respect to Petitioner's
2 | Confrontation Clause claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

### III.  CONCLUSION

The Court ADOPTS the report and recommendation (Dkt. No. 63). The Court GRANTS IN PART and DENIES IN PART Petitioner's habeas corpus petition (Dkt. No 39). The Court GRANTS Petitioner's habeas corpus petition with respect to her claim that sentencing and appellate counsel provided ineffective assistance by failing to argue that her offenses of conviction encompassed the same criminal conduct and that her sentences should run concurrently. Petitioner's sentence is VACATED and she is to be RESENTENCED within ninety (90) days of this order. The Court DENIES Petitioner's habeas corpus petition with prejudice with respect to all other claims. The Court GRANTS certificates of appealability with respect to Petitioner's ineffective-assistance-of-counsel claims. The Court DENIES certificates of appealability with respect to Petitioner's Confrontation Clause claims.

The Clerk of Court is directed to send copies of this Order to Petitioner and to Magistrate Judge Mary Alice Theiler.

DATED this 29th day of October, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE